UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| Tyrone Wayland MILES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>Michael MARTEL, Acting Warden of Mule Creek State Prison,<br><br>　　　　　Respondent. | Case No. 1-8-cv-1002-JF<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Tyrone Wayland Miles, a prisoner incarcerated at Mule Creek State Prison in Ione, California, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2010).  He asserts two claims that he received ineffective assistance of counsel in violation of his rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.

I

Petitioner was charged in an information with three counts of forgery for passing fictitious checks, *see* Cal. Penal Code § 476 (2005), and one count of second-degree burglary, *see id.* §§ 459–60.  It also was alleged that Petitioner had two prior felony convictions that qualified as strikes under California's Three Strikes Law, *id.* § 667; accordingly, Petitioner faced twenty-five years to life for each count, to be served consecutively; Petitioner's total maximum exposure was one hundred years to life.

1  Pursuant to a plea agreement, Petitioner pleaded guilty to one count of forgery and
2 admitted the two strikes.  In exchange for his plea, the prosecution dismissed the three other
3 counts and agreed not to file additional charges for other forgeries Petitioner may have
4 committed.  Petitioner was told that he probably would be sentenced to twenty-five years to life
5 on the one count to which he pleaded guilty, but he retained the right to request at sentencing that
6 the court dismiss one strike, which would result in a reduced sentence.

7  Petitioner did make such a request at sentencing, but, as expected, the trial court
8 determined that there was no basis for granting the request, and it was denied.  Petitioner was
9 sentenced Petitioner to a term of twenty-five years to life.

## II

11  One component of the Fourteenth Amendment's guarantee that a person may not be
12 deprived of life or liberty "without due process of law," U.S. Const. amend. XIV § 1, is the Sixth
13 Amendment's provision of a criminal defendant's right "to have the Assistance of Counsel for
14 his defence," U.S. Const. amend. VI.  *Gideon v. Wainwright*, 372 U.S. 335 (1963).  "It has long
15 been recognized that the right to counsel is the right to the effective assistance of counsel."
16 *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970).

17  To obtain relief on a claim of ineffective assistance of counsel, Petitioner must satisfy the
18 test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  "Ineffective assistance under
19 *Strickland* is deficient performance by counsel resulting in prejudice, with performance measured
20 against an objective standard of reasonableness under prevailing professional norms." *Rompilla*
21 *v. Beard*, 545 U.S. 374, 380 (2005) (internal citations and quotation marks omitted).  Counsel's
22 performance must be assessed "from counsel's perspective at the time," so as "to eliminate the
23 distorting effects of hindsight." *Strickland*, 466 U.S. at 689.  There is "a strong presumption that
24 counsel's conduct falls within the wide range of reasonable professional assistance"; hence
25 "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.*  To establish
26 prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's
27 unprofessional errors, the result of the proceeding would have been different.  A reasonable
28 probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

III

In his first claim, Petitioner contends that his first trial counsel provided ineffective assistance during the plea-bargaining process prior to the entry of the plea agreement. According to Petitioner, the prosecutor initially offered a sentence of six years in exchange for a guilty plea. Petitioner was inclined to accept this offer; however, his counsel recommended that he decline. In doing so, his counsel did not inform him of the fact that his sentencing exposure was one hundred years to life. Petitioner relied on counsel's advice and declined the offer. Had counsel rendered effective assistance during the plea-bargaining process, Petitioner would have accepted the initial offer and received a sentence of six years rather than the sentence of twenty-five years to life that he ultimately received upon pleading guilty.

Petitioner's claim relates to events that occurred before he entered his plea. However, such events do not form any basis upon which the Court may grant habeas relief: a criminal defendant who pleads guilty cannot later raise on habeas review independent claims relating to the deprivation of constitutional rights that occurred prior to entering the plea. *See Haring v. Prosise*, 462 U.S. 306, 319–20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations); *Tollett v. Henderson*, 411 U.S. 258, 266–67 (1973) (same); *Moran v. Godinez*, 57 F.3d 690, 700 (9th Cir. 1994) (refusing to consider contention that petitioner's attorneys were ineffective because they failed to attempt to prevent the use of his confession as pre-plea constitutional violation); *see also Hudson v. Moran*, 760 F.2d 1027, 1030 (9th Cir. 1985) (finding no constitutional violation where defendant was not informed that guilty plea would foreclose subsequent habeas relief).[1]

The only challenges open on federal habeas review after a guilty plea relate to the voluntary and intelligent character of the actual plea bargain to which a petitioner assented. *Hill*

---

[1] There are some exceptions to this general bar, which are inapplicable in the present action. For example, a defendant who pleads guilty still may challenge in habeas corpus proceedings the very power of the state to bring him into court to answer the charge brought against him, *see Haring*, 462 U.S. at 320 (citing *Blackledge v. Perry*, 417 U.S. 21, 30 (1974) (defendant who pleaded guilty allowed to challenge indictment on grounds of prosecutorial vindictiveness)), and may raise a double-jeopardy claim, *see Haring*, 462 U.S. at 320 (citing *Menna v. New York*, 423 U.S. 61 (1975)).

1  *v. Lockhart*, 474 U.S. 52, 56–57 (1985); *Tollett*, 411 U.S. at 267 (1973); *Lambert v. Blodgett*,
2  393 F.3d 943, 979 (9th Cir. 2004).  Petitioner does not attack the voluntary and intelligent
3  character of the actual plea bargain that he accepted on the record.  Thus, even assuming the
4  veracity of Petitioner's allegations, the Court is unable to grant Petitioner relief on his first claim.

IV

Petitioner's second claim is that his subsequent trial counsel did not investigate and present mitigating evidence at Petitoner's sentencing.  If counsel had conducted an investigation, according to Petitioner, counsel would have found and presented evidence of Petitioner's four years of military service and the impact that service had on his life; the rehabilitative services available to Petitioner through the United States Department of Veterans Affairs; Petitioner's supportive family; his work history; and his history of mental-health problems, including substance abuse.

Yet virtually all of this mitigating evidence was in fact presented to and taken into account by the sentencing judge in the form of a probation report, which included statements by, and a letter to the court from, Petitioner.  The additional evidence Petitioner posits provokes sympathy, but only in providing further details of facts found in the probation report.  Petitioner therefore could not have been prejudiced by any deficiencies in counsel's performance in preparing for and appearing at Petitioner's sentencing.  There being no prejudice, there is no basis for habeas relief on Petitioner's second claim.

V

Accordingly, and good cause appearing therefor, the Court hereby denies Petitioner's petition for a writ of habeas corpus and declines to issue a certificate of appealability.  The clerk shall enter judgment in favor of respondent, terminate all motions and close the file.

IT IS SO ORDERED.

DATED:  March 17, 2010



_____
JEREMY FOGEL
United States District Judge

4