UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| Tyrone Wayland MILES,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>Michael MARTEL, Acting Warden of Mule Creek State Prison,<br><br>　　　　　　　Respondent. | Case No. 1-8-cv-1002-JF<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION |

　　　　On March 17, 2010, the Court issued an order denying a petition for a writ of habeas corpus filed by Petitioner Tyrone Wayland Miles, and judgment for Respondent was entered. (Docs. Nos. 14 & 15.) Now before the Court is Petitioner's motion for reconsideration, (Doc. No. 18), which the Court will treat as a timely motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). Petitioner contends that two cases not previously addressed in the instant litigation demonstrate good cause to alter or amend the judgement: *Padilla v. Kentucky*, 559 U.S. ___, No. 08-651 (Mar. 31, 2010), and *Moore v. Czerniak*, 574 F.3d 1092 (9th Cir. 2009).

　　　　In *Padilla*, the petitioner, a lawful permanent resident, pleaded guilty to transporting marijuana. In doing so, he relied on his counsel's advice that a guilty plea would have no consequences for his immigration status. This advice was erroneous; in fact, Padilla's plea to the

drug charges "made his deportation virtually mandatory." Slip op. at 1. The United States Supreme Court held that counsel's performance was constitutionally deficient; it did not reach the issue of whether this deficient performance prejudiced Padilla. *Id.* at 2.

Padilla pleaded guilty in reliance on counsel's erroneous advice. In contrast, in the instant case Petitioner initially did *not* plead guilty in reliance on counsel's erroneous advice but subsequently *did* plead guilty on counsel's accurate advice. Here, unlike the situation in *Padilla*, counsel's deficient performance could not have had an effect on the actual plea bargain to which Petitioner acceded.

In fact, *Padilla* supports the conclusion that Petitioner's claim lacks merit. As the Supreme Court explained:

> The nature of relief secured by a successful collateral challenge to a guilty plea—an opportunity to withdraw the plea and proceed to trial—imposes its own significant limiting principle: Those who collaterally attack their guilty pleas lose the benefit of the bargain obtained as a result of the plea.

*Id.* at 15. If Petitioner were granted relief in the present action, the Court could not order the State of California to offer Petitioner the initial plea bargain that he rejected; rather, Petitioner simply would be restored to the same position he was in immediately prior to his plea, i.e., a possible—indeed, reasonably probable—sentence of more than one hundred years to life if he elected to go to trial. Under these circumstances, the Court is not convinced that a decision to reject the actual plea bargain that Petitioner accepted would have been rational. *See id.* at 14 ("to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances"). Accordingly, Petitioner's reliance on *Padilla* is misplaced.

In *Moore*, the Ninth Circuit held that counsel's failure to file what would have been a meritorious motion to suppress Moore's taped confession on involuntariness grounds was constitutionally deficient. The court also held that counsel's deficient performance prejudiced Moore because had he gone to trial Moore "would have faced a potential sentence identical to that he received as a result of his plea bargain." 574 F.3d at 1094.

In reaching its conclusion, the Court of Appeals explained that, "[i]n the context of a plea

2

1  bargain, we specifically ask whether there is a reasonable probability that, but for counsel's
2  deficient performance, the petitioner would have gone to trial rather than accept the plea bargain
3  offered by the state." *Id.* at 1100; *see also Padilla*, slip op. at 15.  In the instant case, while the
4  plea bargain that Petitioner accepted was not as favorable to him as the initial offer that his
5  counsel erroneously advised him to reject, it nonetheless was far superior to the outcome
6  Petitioner faced if he went to trial—that is, a sentence of more than one hundred years to life.
7  The present action thus is distinguishable from *Moore*, in which the petitioner did not receive any
8  benefit from the plea bargain that he accepted.

9        Accordingly, and good cause appearing therefor, Petitioner's motion, (Doc. No. 18), will
10  be denied.

11        IT IS SO ORDERED.

13  DATED:  April 13, 2010

                                                    _____
14                                                      JEREMY FOGEL
                                                    United States District Judge